# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| FOODOLOGY, INC | ) | CASE NO. 07-14796 |
| | ) | |
| Debtor. | ) | **Hearing Date**: December 9, 2011 |
| | ) | **Hearing Time**: 9:00 a.m. |

## REWARDS NETWORK ESTABLISHMENT SERVICES INC.'S OBJECTION TO TRUSTEE'S FINAL REPORT

This Objection is filed by REWARDS NETWORK ESTABLISHMENT

SERVICES INC. ("**RN**"), a secured creditor and party-in-interest in the above-captioned Chapter

7 case (the "**Bankruptcy Case**") of FOODOLOGY, INC. dba BANANA MOON ("**Debtor**").

Pursuant to this Objection, RN requests that the Court compel the Chapter 7 Trustee to amend

the "Trustee's Final Report" (Docket No. 26) (the "**TFR**") so as to include the payment of RN's

secured claim in the amount of $49,848.87.

## I.    INTRODUCTION

The Trustee has omitted RN's secured claim on the TFR, despite the fact that (i)

RN holds a valid and perfected first priority lien in all of the Debtor's assets, including any and

all proceeds thereof, (ii) RN timely filed a secured proof of claim in this case, (iii) RN's UCC

financing statement evidencing its blanket lien is a matter of public record, and (iv) the Trustee

has not filed an adversary proceeding to avoid RN's lien or taken any other action to suggest

RN's lien and secured claim are not valid in this case.  RN has attempted to resolve this matter

with the Trustee informally and has delivered all contract documents and UCC filings to the

Trustee for his review; however, the Trustee has refused to amend the TRF, necessitating this

formal Objection.  *See* Declaration of Kathy DeCicco, attached hereto as Exhibit "A."

## II.  **BACKGROUND**.

1.      On August 16, 2007 (the "**Petition Date**"), the Debtor filed a voluntary petition under Chapter 7, thereby commencing the above-captioned Bankruptcy Case.

2.      The Debtor operated a restaurant known as Banana Moon.

3.      Based on certain prepetition contracts with the Debtor, RN holds a secured claim of $49,848.87. RN's claim is secured by a first priority blanket lien in all of the Debtor's personal property assets, including the Debtor's furniture, fixtures, equipment, and inventory, evidenced by, among other things, the Security Agreement dated June 29, 2005, and the UCC financing statement recorded with the Illinois Secretary of State's office on July 7, 2005.

4.      On September 24, 2007, RN filed its secured proof of claim (the "**Original Proof of Claim**") (Proof of Claim No. 8-1) with supporting documentation. For the Court's convenience, a true and correct copy of the Original Proof of Claim with the contract documents, security agreement, and UCC financing statement, is attached hereto as Exhibit "B". The Original Proof of Claim attached the Security Agreement and the UCC financing statement.

5.      The Original Proof of Claim was filed as "secured" in the amount of $49,848.87.  However, RN inadvertently referred to its secured claim as "unsecured" in an attachment to the Original Proof of Claim. The Trustee did not object to the Original Proof of Claim or otherwise file an adversary proceeding to avoid RN's lien as would be required by Bankruptcy Rule 7001 if the Trustee contested RN's lien.

6.      On October 20, 2011, the Chapter 7 trustee, John R. Gierum (the "**Trustee**") filed the "Trustee's Final Report" (the "**TFR**") (Docket No. 26).

7.      The TFR notes that the Debtor's estate has $39,607.50 available for distribution. The amount available for distribution is made up of proceeds from the sale of the Debtor's assets, which RN's lien attaches to.

8.      The TFR failed to include RN's secured claim.

9.      On or about October 27, 2011, Kathy DeCicco, the Bankruptcy Specialist for RN contacted the Trustee. The Trustee acknowledged that the failure to include RN on the

TFR was his error.  The Trustee would not acknowledge, however, that RN was a secured creditor and suggested that RN file an amended proof of claim to address his perceived deficiencies with the Original Proof of Claim. *See* Exhibit "A."

10.    On October 28, 2011, Ms. DeCicco left the Trustee a voicemail message which once again reiterated that RN is a secured claimant and notified the Trustee that RN would be filing an amended proof of claim. *See* Exhibit "A".

11.    On October 31, 2011, RN filed an amended proof of claim (the **"Amended Proof of Claim"** (Proof of Claim No. 8-2).  The Amended Proof of Claim included a file-stamped copy of RN's UCC financing statement as requested by the Trustee (even though such financing statement is a public record).  A true and correct copy of the Amended Proof of Claim is attached hereto as Exhibit "C".

12.    As of the date of this filing, the Trustee has not responded to Ms. DeCicco's voicemail message, nor has the Trustee amended the TFR to include RN's secured claim.

## III.    **LEGAL ARGUMENT**.

### A.    **The Trustee's Final Report Is Deficient And Should Be Amended To Include RN's Secured Claim**

The TFR filed by the Trustee does not fully administer the Debtor's estate.  The TFR is not true and correct in accordance with Federal Rule of Bankruptcy Procedure 5009.  All of the funds held by the Trustee result from the sale of the Debtor's assets, and thus constitute proceeds of RN's collateral.  Yet, as noted above, the TFR fails to account for RN's secured claim in the amount of $49,848.84.  RN has attempted to resolve this matter with the Trustee, but the Trustee has refused to recognize RN's secured claim and amend the TFR.

The Trustee is not entitled to rely on any perceived deficiency in RN's Original Proof of Claim in order to assert that RN is not entitled to a distribution as a secured claimant. RN's secured claim and liens are matters of public record.  As such, pursuant to Bankruptcy Rule 3002, secured claimants are not even required to file a proof of claim.  Furthermore, if the

Trustee found RN's Original Proof of Claim to be objectionable he could have raised such an objection years ago—it has been over *four years* since RN filed it Original Proof of Claim. During all that time the Trustee had a duty under Section 704(a)(5) of the Bankruptcy Code to examine proofs of claims and object to any that the Trustee found improper. See 11 U.S.C. § 704(a)(5). The Trustee has not taken any action to address any alleged deficiencies with RN's first priority lien in the Debtor's assets.

Even if the Trustee wanted to take action to address RN's lien, the Bankruptcy Rules are clear that certain matters may be resolved only through a formal adversary proceeding (which is commenced by a complaint rather than a motion). Bankruptcy Rule 7001 provides that an adversary proceeding is required to (among other things) "(2) ... determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d); . . . (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing." Bankruptcy Rule 7001(2) and (9).

Pursuant to Bankruptcy Rule 7001(2), any dispute regarding the validity, priority or extent of a secured creditor's lien must be resolved by an adversary proceeding. Fed. R. Bankr. P. 7001(2); see also In re Loloee, 241 B.R. 655, 660 (9th Cir. BAP 1999). The Trustee cannot rely on the TFR to assert that RN's lien does not attach to the proceeds of the sale of the Debtor's assets. The Trustee cannot circumvent Bankruptcy Rule 7001 through motion practice to determine the extent and priority of RN's lien. If the Trustee wishes to avoid RN's lien or seek a determination that it does not attach to the sale proceeds of the Debtor's assets (which are RN's collateral), the Trustee must file an adversary proceeding to do so. It is undisputed that the Trustee has not filed any such action in connection with this bankruptcy case or otherwise objected to RN's secured proof of claim.

## IV.  **CONCLUSION**.

WHEREFORE, based on all of the foregoing, the DeCicco Declaration, and the entire record before the Court in the Debtor's Bankruptcy Case, RN respectfully requests that the Court enter an order:

A.      Denying approval of the TRF;

B.      Directing the Trustee to amend the TFR to include and provide for payment of RN's secured claim in the amount of $49,848.87; and

C.      Grant such other and further relief deemed just and equitable under the circumstances.

DATED this 4th day of November, 2011

QUARLES & BRADY LLP
By: /s/ Lauren Nachinson, Esq.
Lauren Nachinson, Esq.
300 N. LaSalle Street, Suite 4000
Chicago, Illinois 60654
Phone: (312) 715-
Fax: (312)
Lauren.Nachinson@quarles.com
*Counsel to Rewards Network Establishment Services Inc.*